IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DYLAN HANCOCK,

                  Plaintiff,

   v.

BARRON COUNTY, SHERIFF
CHRIS FITZGERALD, DEPUTY ERIC
SEDANI, DEPUTY CHRISTOPHER
WELKER, DEPUTY HEATHER HUGHES,
DEPUTY ANDREW KRAHENBUHL,
and ANTHONY WEIGAND,

                  Defendants.

OPINION and ORDER

24-cv-410-wmc

---

Plaintiff Dylan Hancock filed a complaint under 42 U.S.C. § 1983 against Barron County, Wisconsin, and the following employees of the Barron County Sheriff's Department: (1) Sheriff Chris Fitzgerald; (2) Deputy Eric Sedani; (3) Deputy Christopher Welker; (4) Deputy Heather Hughes; (5) Deputy Andrew Krahenbuhl; and (6) Deputy Anthony Weigand. (Dkt. #1.) Three days before the deadline for seeking summary judgment, plaintiff filed a motion to supplement his complaint with an additional claim for municipal liability against Barron County under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). (Dkt. #23.) Defendants have filed a motion to strike in response. (Dkt. #24.) For reasons explained below, plaintiff's motion to supplement will be granted and defendants' motion to strike denied except for the grant of limited relief from the court's summary judgment deadline.

OPINION

This case arises out of the use of deadly force occurring on July 14, 2021, when a Barron County Sheriff's Deputy shot and critically injured plaintiff, rendering him quadriplegic. At the time the shooting occurred, deputies were at plaintiff's home responding to a call from a distressed family member, who had received "threatening communications . . . indicating suicidal intent" from plaintiff due to his reported "mental health/manic episode" and intoxication. (Dkt. #1, ¶¶ 401-402.) The deputies planned to arrest plaintiff without a warrant for disorderly conduct, which is a misdemeanor. However, plaintiff would not cooperate.

Plaintiff now claims that:

1) Defendants Sedani, Welker, Hughes, Krahenbuhl, and Weigand violated the Fourth Amendment's prohibition on unreasonable searches and seizures by remaining on his property to effect a misdemeanor arrest after plaintiff instructed them to leave.

2) Defendant Weigand violated the Fourth Amendment by shooting him.

3) Defendant Fitzgerald violated the Fourth Amendment by personally participating in and approving his deputies' decisions to remain on plaintiff's property and effect a warrantless arrest.

4) Defendant Barron County is liable under *Monell* for "unlawful decisions" made by Fitzgerald as a policy-maker.

5) Barron County is also liable under *Monell* for deliberate indifference "to the rights of its residents to be free from unreasonable seizures when it failed to adopt any policy or implement any basic training regarding providing law enforcement services in the context of a mentally ill suspect."

6) Barron County is further liable under the Americans with Disabilities Act for discriminating against plaintiff "on the basis of his disability when it failed to implement a policy that would provide a tailored response by its deputies to accommodate a known mental health disability of a suspect[.]"

(Dkt. #1, ¶¶ 501-506.)

2

Plaintiff now seeks to supplement his complaint with yet another related additional "legal theory" under *Monell*, claiming that Barron County is liable for having an unconstitutional "arrest policy," identified as policy #600-3-0, which "provided no restrictions on warrantless at-home arrests." (Dkt. #23, at 2.) Plaintiff contends that he provided defendants with notice of this new claim on May 28, 2025, in "Plaintiff's Police Practices Expert Report." (*Id*.) Reasoning that defendants were given ample notice before the dispositive motion deadline that expired on July 24, 2025, plaintiff argues that a formal amendment was unnecessary. (*Id*.)

Defendants move to strike what they characterize as a "constructive amendment" that asserts a new claim based on facts not pleaded in the original complaint. (Dkt. #25.) Defendants further assert that they had no notice until two weeks before the summary-judgment deadline that policy #600-03-0 would be asserted as a basis for liability. Defendants have since filed their motion for summary judgment without addressing this newly proposed claim, which rests on a different set of facts and policy that plaintiff's previously asserted *Monell* claim for failing to implement a policy for providing law enforcement services to mentally ill suspects. (Dkt. ##29-30.) Therefore, defendants argue that plaintiff's attempt to add this new claim just days before the dispositive-motion deadline is both procedurally improper and unfairly prejudicial.

While a district court has discretion to consider new factual allegations or claims raised in a constructive amendment, it is not required to do so. *Ollison v. Gossett*, 136 F.4th 729, 740 (7th Cir. 2025) (citing *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023)). When faced with a motion for constructive amendment, district courts "should apply the familiar standards governing when leave to amend should be granted, paying particular attention to the

3

potential for prejudice to other parties." *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023).

Although Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely granted, district courts have broad discretion to deny leave to amend where there is "undue delay" or "undue prejudice to the defendants." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008)). Because plaintiff's proposed amendment, even on the eve of the dispositive-motion deadline and after the parties have engaged in substantial discovery, can hardly be characterized as a surprise in light of both disclosure of this theory of liability in plaintiff's expert report some two months before and the overlap in the surrounding facts for numerous other claims, including a similar *Monell*-style claim, albeit under a different theory, the court will not find undue delay in seeking a constructive amendment.

Although plaintiff's counsel can be faulted for not formally confirming the viability of this specific theory of liability under *Monell* until shortly before the deadline to move for summary judgment, this arguable prejudice to defendant Barron County can be easily ameliorated by adjusting the deadline for this specific theory as set forth below.[1] Accordingly, plaintiff's motion to supplement will be granted, and for the same reasons, defendants' motion to strike is denied.

---

[1] In the unlikely event defendant Barron County needs any additional discovery on this new theory, plaintiff is directed to provide it on an expedited basis.

4

ORDER

IT IS ORDERED that:

1) Plaintiff Dylan Hancock's motion to supplement (dkt. #23) is GRANTED.

2) Defendants' motion to strike (dkt. #24) is DENIED except that defendant Barron County may have until August 21, 2025, to seek summary judgment on plaintiff's claim challenging its policy #600-3-0 under *Monell*, with the response due on or before September 4, 2025.

Entered this 31st day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge