**THE JEFF SCOTT OLSON LAW FIRM, S. C.**

**Jeff Scott Olson**

**Andrea J. Farrell**

1025 QUINN DRIVE, SUITE 500
WAUNAKEE, WI 53597-2502

PHONE: 608 283 6001
FAX: 608 283 0945

E-MAIL: JSOLSON@SCOFFLAW.COM
WEBSITE: WWW.SCOFFLAW.COM

March 12, 2026

*via e-filing only*

Hon. William M. Conley
District Judge
United States District Court for the Western District of Wisconsin
120 North Henry Street
Madison, Wisconsin 53703

RE: *Hancock v. Barron County, et al.*
Case No. 24-CV-410-wmc
Submission of Supplemental Persuasive Authority

Dear Judge Conley:

This case is pending for decision on cross motions for summary judgment. (Dkt. 26, Dkt. 29.) One of the issues raised by the Defendants' motion is the constitutionality of the use of deadly force, where only one officer of many on scene outside the home chose to shoot Plaintiff Hancock while he was in his alone in his bedroom with a gun. We write to call the Court's attention to a new decision issued March 10, 2026, by the United States District Court for the Eastern District of Wisconsin in *Pesavento v. Rudebeck*, Case No. 24cv647-bbc. That case stemmed from a domestic violence incident. The police officers who arrived engaged in a half-hour standoff with the plaintiffs'

decedent, who was in his driveway, approximately 40 -100 yards away from them, refusing to drop his gun, pacing, making suicidal statements, asking the officers to shoot him, and repeatedly pointing the gun at his head. Slip op. at 2. We provide this opinion primarily for its discussion of four principals that the Court may find persuasive and directly applicable to its decision regarding Defendants' pending dispositive motion on deadly force in comparable circumstances, in further support of Plaintiff's previously filed opposition (dkt. 52):

- One factor supporting the conclusion that deadly force had been unreasonable was the post-shooting confusion among the officers who had been present, lending to the conclusion "that if there had been an obvious and imminent threat" all officers would have "immediately recognized an officer had shot" and "not mistakenly assumed that Daniel shot himself." Slip op. at 8. (*c.f.* Dkt. 50, Plaintiff's Additional Proposed Facts in Opposition to Defendant's Motion for Summary Judgment, No. 75 (post shooting, confusion erupted as to whether an officer had fired or the Plaintiff had fired.)

- Even though "suicide-by-cop poses extraordinary dangers for law enforcement . . . absent an overt and imminent threat to others, a person's expressed desire to commit suicide in this manner cannot justify deadly force by officers." Slip op. at 9. (*c.f.* Dkt. 30, Defendant's Brief, pp. 24-25, arguing the opposite.)

- An individual's "ignoring the officers' verbal directives to put the gun down, did not constitute 'active resistance,'" but rather "passive resistance requiring the minimal use of force." Slip op. at 11 (internal quotation marks and citation omitted). (*c.f.* Dkt. 30, Defendant's Brief, pp. 24-25, arguing the opposite.)

- An officer's actions can "hardly be characterized as a 'split-second decision,'" when the plaintiff's decedent "was shot while doing what he had been doing for roughly half-an-hour – pacing with a gun pointed at himself." Slip op. at 11. (*c.f.* Dkt. 50, PAPOF, No. 66, 74 (nothing about the situation had changed for quite some time, with Dylan's father, Brad, conducting shuttle diplomacy,

and no officer even interacting with Dylan for the 14 minutes leading up to the sudden shooting.)

This decision is attached in full, for the Court's consideration.

Sincerely yours,
THE JEFF SCOTT OLSON LAW FIRM, S. C.

/s/ Jeff Scott Olson

Jeff Scott Olson

cc: All parties via efiling
enc.
JSO:ajf